IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

## STATE OF TENNESSEE v. JONATHAN MONTGOMERY

**Appeal from the Circuit Court for Rutherford County**
**No. F-78136   David M. Bragg, Judge**

_____

**No. M2020-00026-CCA-R3-CD**

_____


A Rutherford County jury convicted Defendant, Jonathan Montgomery, of driving under the influence ("DUI") per se, DUI with blood alcohol content over .08 percent, DUI, sixth offense, and driving on a revoked license. The trial court sentenced Defendant to three years with a thirty percent release eligibility for DUI and to a concurrent sentence of six months for driving on a revoked license. On appeal, Defendant contends the evidence presented at trial was insufficient to support his convictions. Following a thorough review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Gerald L. Melton, District Public Defender, and Billie I. Zimmerman, Assistant District Public Defender, Murfreesboro, Tennessee, for the appellant, Jonathan Montgomery.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Brent Pierce, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION
### Factual and Procedural Background

Officer Charlie Sevier of the Smyrna Police Department ("SPD") testified that he was on patrol on the night of March 3, 2017, when he passed a vehicle in a ditch on South Lowery Street. Officer Sevier noticed that Defendant was "standing right next to the car [and that he] started to walk away." Officer Sevier made a U-turn to get a better

view of the vehicle and subsequently turned on his blue lights. After Defendant looked back to see the lights, he continued to "briskly stumble" away from the officer and the vehicle.

Officer Sevier told Defendant to stop, but Defendant walked faster until Officer Sevier caught up with him. Once stopped, Officer Sevier and Defendant stood in the Bank of America parking lot. At this time, Defendant looked around and tossed the vehicle's keys to his side. Officer Sevier ordered Defendant to lie face down on the ground, but Defendant lay on his back. Officer Sevier maintained his distance from Defendant until Defendant rolled over onto his stomach. Officer Sevier then handcuffed Defendant.

Defendant told Officer Sevier that he was chasing after "John," who Defendant claimed was driving the vehicle. During this conversation, Officer Sevier noticed that Defendant smelled like alcohol and had slurred speech. Defendant also had cuts on his forehead and on his ear. Defendant said that he obtained these cuts while shaving. Defendant then refused to be cleared by a paramedic.

A backup officer eventually arrived at the scene. Officer Sevier picked up the keys that Defendant threw, and Defendant later denied throwing them. Defendant then claimed his own name was "John" and also denied that his friend was driving. Defendant refused to perform field sobriety tests or to have blood drawn.

Both officers proceeded to the vehicle in the ditch while Defendant was in Officer Sevier's police car. The backup officer put the key in the ignition and was able to start the vehicle. The officers found four bottles of whiskey inside the vehicle. One bottle was completely empty, one bottle was three-fourths empty, and two bottles were full.

Once at the SPD, Officer Sevier discovered that Defendant's license was revoked and that the vehicle was registered to Defendant. Officer Sevier obtained a search warrant to have Defendant's blood drawn. A nurse at Stonecrest Hospital drew Defendant's blood, and Officer Sevier took the blood kit back to the SPD to lock it in the evidence locker.

On cross-examination, Officer Sevier stated that Defendant was standing closer to the passenger's side of the vehicle than the driver's side when Officer Sevier first saw him. There was no indication that anyone previously exited the vehicle, such as any open car doors. Officer Sevier also acknowledged that he never looked for others in the vicinity of the vehicle.

Special Agent Dawn Swiney, a toxicologist for the Tennessee Bureau of Investigation Crime Laboratory, discovered .208 grams percent of ethyl alcohol (drinking alcohol) in Defendant's blood. Agent Swiney testified that this percentage is more than two times higher than the legal limit of .08 grams percent. Agent Swiney further testified that ethyl alcohol causes impairment and a lack of critical judgment and may also cause an increase in reaction time and difficulty in multitasking.

On cross-examination, Agent Swiney acknowledged that a person's weight can affect how much alcohol a person must consume in order to be impaired. Although Agent Swiney's testimony regarded the average individual, she considered any person with 0.08 grams percent of ethyl alcohol level to be impaired. Agent Swiney agreed that her testimony did not pertain to whether Defendant was actually driving on the night in question.

Following deliberation, the jury found Defendant guilty of DUI per se and DUI with blood alcohol content over .08 percent.[1] In a bifurcated hearing, the State put forth evidence regarding Defendant's driving history, which included several previous DUI charges. The jury subsequently found Defendant guilty of DUI, sixth offense. The court then merged the three counts. The trial court sentenced Defendant, as a Range I standard offender, to three years with a thirty percent release eligibility for DUI and to a concurrent term of six months for driving on a revoked license. Defendant filed a timely motion for a new trial, which the trial court denied. This timely appeal follows.

## Analysis

Defendant contends that because no one observed him driving the vehicle, there is insufficient evidence to support the jury's verdict. Defendant asserts that no reasonable juror could have found him guilty of DUI beyond a reasonable doubt. Conversely, the State argues that the evidence is sufficient to support Defendant's conviction for DUI. We agree with the State.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This

---

[1] Defendant was also convicted of driving on a cancelled, suspended, or revoked license, but this conviction is not an issue on appeal.

court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As charged in this case,

It is unlawful for any person to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state . . . while:

(1) Under the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system, or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself that the driver would otherwise possess; [or]

(2) The alcohol concentration in the person's blood or breath is eight-hundredths of one percent (0.08%) or more[.]

Tenn. Code Ann. § 55-10-401(1), (2) (2017).

The court examines the totality of circumstances to determine whether a person is in physical control of a vehicle while intoxicated. *State v. Lawrence*, 849 S.W.2d 761, 765 (Tenn. 1993). Therefore, the court should consider all the circumstances in the case, including the following five factors:

[1] the location of the defendant in relation to the vehicle, [2] the whereabouts of the ignition key, [3] whether the motor was running, [4] the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or [5] the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise.

*State v. Butler*, 108 S.W.3d 845, 850 (Tenn. 2003) (quoting *Lawrence*, 849 S.W.2d at 765).

When viewed in the light most favorable to the State, the evidence in the present case establishes that Defendant was in physical control of his vehicle while intoxicated. Not only was Defendant standing next to the vehicle when Officer Sevier initially passed, Defendant also had physical possession of the vehicle's keys. Although the vehicle's motor was not running, Defendant still had the ability to direct the use of the vehicle but for Defendant's intoxicated state. *See Butler*, 108 S.W.3d at 850-52. In other words, Defendant could have driven the vehicle away at any time. *See Lawrence*, 849 S.W.2d at 765. Finally, the fifth factor is analyzed under "a reasonably capable of being rendered operable" standard. *Butler*, 108 S.W.3d at 852. According to Officer Sevier's testimony, Defendant's car did not have any physical damage, supporting the notion that Defendant's car was still drivable. Additionally, Officer Sevier was able to start the vehicle's ignition with the keys Defendant threw. As such, the fifth factor also weighs against Defendant.

The totality of the circumstances in the present case, including the five-factor test, constitutes sufficient evidence to support Defendant's conviction of DUI. Defendant smelled like alcohol, slurred his speech, walked unsteadily, and had .208 grams percent of ethyl alcohol in his blood. In addition, Defendant's vehicle contained one empty bottle of whiskey and one three-fourths empty bottle of whiskey. Consequently, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). Defendant has failed to prove the evidence was insufficient to support his conviction. *See Bland*, 958 S.W.2d at 659. Defendant is not entitled to relief.

## Conclusion

For the aforementioned reasons, we affirm the judgments of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -